UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| CAMERON R. FELTS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   7:17-cv-00297-EKD |
| | ) | |
| VOLVO GROUP NORTH AMERICA, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**VOLVO GROUP NORTH AMERICA, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Volvo Group North America, LLC ("Volvo" or "Defendant"), by and through

its undersigned counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, files

this Memorandum of Law in Support of its Motion For Judgment on the Pleadings. Based on the

allegations contained in the pleadings and findings of fact set forth in this Court's Memorandum

Opinion (ECF No. 51), which are not capable of genuine dispute, Felts is unable to prove that he

suffered any damages under Counts I and II and Volvo is entitled to judgment as a matter of law.[1]

**PROCEDURAL POSTURE**

On June 23, 2017, Plaintiff Cameron Felts ("Felts") filed a three count Complaint in this

action alleging interference and retaliation claims under the Family Medical Leave Act

("FMLA"), 29 USC §§ 2601, *et seq*. In Count I, Felts alleged that Volvo interfered with Felts'

rights under the FMLA by purportedly mis-designating his FMLA leave hours as unexcused

_____

[1] Pursuant to Fed. R. Civ. P. 12(d), in the event the Court finds that any of the matters presented
in support of this Motion are outside the scope of the pleadings and any judicially noted facts,
Volvo respectfully moves for summary judgment pursuant to Fed. R. Civ. P. 56 on Counts I and
II of the Complaint. The findings of fact set forth in the Court's Memorandum Opinion are not
capable of genuine dispute and as a result Volvo is entitled to judgment as a matter of law on
Counts I and II due to Felts' inability to prove that he has suffered any damages.

absences and requiring him to sign a Chronic Attendance Policy ("CAP") as a result of his accumulation of approximately 84 hours of unexcused absences. (Compl. at 3-5.) The same actions form the basis of Count II, a retaliation claim, which includes the additional allegations that Volvo acted willfully and intentionally when purportedly miscalculating Felts' leave and requiring him to sign the CAP. (*Id.* at 5-6.) Count III is a retaliation claim which contends that Volvo willfully violated the FMLA when it allegedly terminated Felts pretextually for arriving late to a scheduled shift in violation of the CAP and refusing to award him back pay and benefits upon his reinstatement. Felts also claimed that Volvo retaliated against him by allegedly demoting him to a lower rate of pay and placing him on probation. (*Id.* at 6-7.)

On March 23, 2018, Volvo filed its Motion for Summary Judgment on Counts I-III. (ECF No. 23.)  After extensive briefing and oral argument on Volvo's Motion and Felts' cross Motion for Summary Judgment, on May 15, 2018, this Court issued its Memorandum Opinion and Order granting in part and denying in part Volvo's Motion for Summary Judgment and denying Felts' Motion in its entirety. (*See* ECF Nos. 51 and 52.)  The court denied Volvo's Motion as to Counts I and II due to its finding that a genuine dispute of material fact precluded a finding of judgment as a matter of law on liability. The court granted Volvo's Motion for Summary Judgment as to Count III, ruling "Felts cannot prevail on his retaliation claim regarding Volvo's termination and post-termination action as a matter of law." (ECF No. 51 at 16.) Specifically the court held: (1) "with respect to termination, even assuming Felts can establish a *prima facie* case, he cannot prevail because he cannot establish that Volvo's reasons for terminating him were pretextual," (2) "with respect to back pay, Volvo has stated a legitimate, non-discriminatory reason for not awarding it" and (3) "Felts cannot prevail on his retaliation claims with respect to his status after Volvo rehired him." (ECF No. 51 at 15 and 16.)

The court further held the following:

1. Volvo has stated a legitimate, non-discriminatory basis for terminating Felts: he showed up late for a shift, which Felts does not dispute, in violation of the CAP.  Although Felts argues that this reason was pretextual, he makes no evidentiary showing in that regard.

2. Nothing in the record suggests that those responsible for Felts's termination knew—or had any reason to know—that the number of unexcused absence hours were inaccurate, if indeed they were. To the contrary, Felts concedes that he did not raise the issue of his number of unexcused absence hours until after the adverse action.

3. On June 8-9, 2015, Felts called in for FMLA leave when the undisputed facts show that he had been in jail and attended a court appearance for a DWI charge. Volvo abides by Shop Rule 29 which prohibits the falsification of time records or misrepresenting yourself with information provided to the Company and is grounds for immediate termination. Indeed, Volvo has fired other employees for violating Shop Rule 29.

4. In 2016, Felts agreed to return to work without back pay and he signed a last chance agreement. Volvo asserts, and the record supports, that the central reason for its decision not to award back pay was Felts' violation of Shop Rule 29.

5. Felts cannot overcome this legitimate, non-discriminatory reason for Volvo's decision to not award back pay. He does not dispute that on June 8–9, he was in jail and attended a court appearance for a DWI charge.

6. Volvo has proffered overwhelming evidence that it chose not to award back pay because of the Shop Rule violation, about which there are no material factual disputes, and Felts has pointed to no evidence whatsoever that would suggest pretext as to this decision.

(ECF No. 51 at 14-16 (internal citations and quotations omitted)).

Based on the forgoing findings of the Court and the allegations set forth in the pleadings, Felts cannot prove that he suffered any damages, which is required to state a claim for FMLA retaliation and interference under 29 USC § 2617. Accordingly, Volvo is entitled to judgment as a matter of law on Counts I and II and they should be dismissed *with prejudice.*

## **STANDARD OF REVIEW**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings will result in claims being dismissed, "where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noted facts." *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990); *see also Tollison v. B & J Machinery Co.*, 812 F. Supp. 618, 619 (D.S.C. 1993) ("A motion for judgment on the pleadings should be granted when, viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law.")

Motions for judgment on the pleadings are assessed under the same standards as a motion to dismiss under Rule 12(b)(6). *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Thus, in evaluating whether judgment on the pleadings should be granted, "a court accepts all well-pled facts as true" but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). Further, a court is not required to "accept allegations that represent unwarranted inferences, unreasonable conclusions or arguments, or that contradict matters properly subject to judicial notice or by exhibit." *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (internal quotation marks omitted) (citing *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)).

The Court's factual findings in its Memorandum Opinion (ECF No. 51) are subject to judicial notice.[2] Furthermore, the Court's rulings on matters of law set forth in its Memorandum Opinion and accompanying Order (ECF No. 52) are binding on the instant Motion under the law of the case doctrine. The doctrine of the law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (internal citations omitted). The purpose of the doctrine is to promote the judicial system's interest in efficient administration. *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 2982). "The doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Christianson*, 486 U.S. at 816 (noting that one circuit court was bound by a different circuit court's decision under law of the case doctrine).

## ARGUMENT

Volvo is entitled to judgment on the pleadings for two primary reasons. First, even if the jury finds that Volvo has technically violated 29 U.S.C. § 2615 in Count I or Count II, the court cannot enter a judgment in Felts' favor because Felts cannot prove as a matter of law that he has suffered any damages resulting from the violation. Importantly, he is also foreclosed from recovering his attorneys' fees under 29 USC § 2617. Felts' incapacity to prove damages in this case entitles Volvo to judgment as a matter of law on Counts I and II and they should be dismissed *with prejudice*.

---

[2] The Fourth Circuit has held "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (citing 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977)). This is because the facts within such documents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *See also O'Neal v. Donahoe*, 802 F.Supp.2d 709, 715 n. 7 (E.D.Va.2011) (citing *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989)).

The fact that Felts is unable to recover any damages is dispositive of this case in Volvo's favor and the analysis could be concluded there. However, it is also fatal to his ability to prove other essential elements of his claims. With respect to Count I, he is unable to establish that he was prejudiced by Volvo's alleged miscalculation of his unexcused absence hours and his placement on CAP. Regarding Count II, Felts cannot establish that the same conduct was a materially adverse action. These additional reasons entitle Volvo to judgment as a matter of law.

I.    **Even If the Court Finds Technical Violations of the FMLA Under Counts I and II, Both Claims Must Be Dismissed Because Felts Cannot Establish That Volvo Is Liable For Any Damages Cognizable under 29 USC § 2617**

The FMLA prohibits employers from interfering with an employee's exercise of his or her rights under the FMLA as stated in 29 USC § 2615(a), which forms the basis of a FMLA interference claim, and from retaliating against an employee for exercising his or her rights as set forth in 29 USC § 2615(a)(2) and (b)(1)-(3), which form the basis of a FMLA retaliation claim. Section 2617 provides the extent to which an employer can be held liable for a technical violation of the interference and retaliation claims set forth in Section 2615. Section 2617(a)(1)(A)(i) specifies that any employer who violates Section 2615 of the FMLA shall be liable for damages equal to the amount of:

> (I) any wages, salary, employment benefits, or other compensation ***denied or lost*** to such employee ***by reason of the violation***; or

> (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, ***any actual monetary losses sustained by the employee as a direct result of the violation***, such as the cost of providing care, up to a sum equal to 12 weeks of wages or salary for the employee.

Based on the plain language of the statute "recovery [under the FMLA] is thus unambiguously limited to actual monetary losses." *Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1277 (10th Cir. 2001). Accordingly, "courts have consistently refused to award FMLA recovery for such

6

other claims as consequential damages and emotional distress damages." *Id.* (internal citations omitted).

Additionally, when an employee does not suffer any monetary losses as a result of the technical violation of section 2615, courts have consistently held that the employee has no grounds for relief under section 2617 and the employer is entitled to judgment as a matter of law on that claim. *See, e.g., Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1277 (10th Cir. 2001) (holding "Because Walker has admittedly suffered no actual monetary losses as a result of UPS' asserted violation of the FMLA and has no claim for equitable relief, she has no grounds for relief under that statute. Hence UPS is entitled to a judgment as a matter of law on that claim, and the district court's ruling to that effect must be affirmed."); *Cianci v. Pettibone Corp.,* 152 F.3d 723, 728–29 (7th Cir.1998) (ruling that a plaintiff had no claim under the FMLA where the record showed that she suffered no diminution of income and incurred no costs as a result of an alleged FMLA violation); *Demers v. Adams Homes of Northwest Florida*, 321 Fed. Appx. 847 (11th Cir. 2009) (ruling "Adams Homes violated the FMLA by denying her leave, but Demers cannot articulate any harm suffered from this denial. Plaintiffs may not recover for technical infractions under the FMLA ... in the absence of damages. The judgment was appropriate." (internal quotations omitted)); *Franzen v. Ellis Corp*., 543 F.3d 420 (2008) (affirming trial court's dismissal of interference claim even though jury found employer liable because of employee's inability to establish any damages resulting from the violation.); *Graham v. State Farm Mut. Ins. Co*., 193 F.3d 1274, 1284 (11th Cir. 1999) ("[P]laintiff has not demonstrated that she suffered any damages as a result of State Farm's actions. Even if the defendants have committed certain technical infractions under the FMLA, plaintiff may not recover in the absence of damages.").

4830-0099-6199, v. 1

As pled in the Complaint, Felts' damages are limited to monetary losses resulting from his termination from employment at Volvo. Felts makes the same boilerplate allegation in support of his damages claim for each count of the Complaint: "As a direct and proximate result of Volvo's [] violations of the FMLA and associated regulations, Felts has sustained lost wages, fringe benefits and other forms of compensation; lost career opportunities; and other pecuniary and nonpecuniary damages, injuries and losses." (Compl. at ¶¶ 27, 32 and 37.) However, Felts has not alleged that he suffered any monetary losses or other damages by virtue of Volvo's alleged miscalculation of absence hours or Felts' placement on CAP on July 15, 2015. Indeed, Felts remained employed at Volvo and was receiving salary and benefits when he was placed on CAP. The only facts pled in the Complaint that could establish Felts' entitlement to any claimed damages are Volvo's failure to award back pay during the 14 month period between Felts' termination and reinstatement. (*See* Compl. at ¶ 21 ("Volvo reinstated [Felts] to its workforce in November 2016. Volvo, however, refused to pay Felts for the period between September 9, 2015 and his reinstatement in November 2016."))

Based on the foregoing, the sole cause of Felts' alleged damages was his termination from employment at Volvo. There can be no other cause based on the allegations pled in the Complaint. In its Memorandum Opinion the Court held: (1) Felts cannot establish that Volvo's reasons for terminating him were pretextual and (2) Volvo has stated a legitimate, non-discriminatory reason for not awarding back pay. Felts therefore cannot prove as a matter of law that any technical violation of Section 2615 set forth in Counts I and II (mis-designation of hours and placement on CAP) caused Felts to lose "any wages, salary, employment benefits or other compensation" as required to state a claim under Section 2617.  This is because Volvo had a legitimate non-discriminatory reason for not awarding back pay or benefits—Felts' violation of

4830-0099-6199, v. 1

Shop Rule 29. Accordingly, without a link to any damages, Felts cannot state a claim for which relief can be granted under the FMLA in Counts I and II and Volvo is entitled to judgment as a matter of law.

## II.   Felts is Unable to Recover His Attorney's Fees Under 29 USC § 2617(a)(3)

Unlike other statutory fee-shifting provisions, 29 USC § 2617(a)(3) requires an award of attorneys' fees to the plaintiff when applicable. *Franzen v. Ellis Corp.,* 543 F.3d 420, 430 (7th Cir. 2008). However, "the plain wording of the statute provides some limit on this preference for awarding attorneys' fees to plaintiffs who prove that the defendant violated the FMLA." *Id.* Pursuant to 29 U.S.C. § 2617(a)(3), an actual "judgment" in favor of the plaintiff is a necessary triggering event for an award of attorneys' fees under the FMLA. *Id.; See also Stomper v. Amalgamated Transit Union,* 27 F.3d 316, 318 (7th Cir.1994) (holding that "the plaintiff must prevail by judgment in order to receive an award of attorneys' fees").

In *Franzen v. Ellis Corp.,* 543 F.3d 420, 430 (7th Cir. 2008), the Seventh Circuit held that because the trial court did not enter a judgment in favor of the plaintiff, the plaintiff was not entitled to recover his attorney's fees, even though a jury found in his favor regarding liability. The court reasoned that "[a]lthough the jury found that Ellis' termination of Mr. Franzen's employment had been in violation of the FMLA, the district court also found that Mr. Franzen had failed to prove that he was entitled to any damages." *Id.* at 430. Accordingly, the court ruled "[u]nder the plain wording of section 2617, then, Mr. Franzen is not entitled to an award of attorneys' fees because no "judgment" was "awarded to the plaintiff." *Id.*; *see also Tunison v. Cont'l Airlines Corp.,* 162 F.3d 1187, 1190 (D.C.Cir.1998) ("A judgment with no damages at all is not an 'enforceable judgment'-there is simply nothing to enforce."); *PH Group Ltd. v. Birch,*

9

985 F.2d 649, 652 (1st Cir.1993) ("[A]n award of zero damages, supported by a rational basis in the record, is generally considered a judgment for defendant.").

Because Felts cannot prove as a matter of law that he suffered any damages resulting from the conduct set forth in Counts I and II of the Complaint, the court cannot enter a judgment in his favor and he is precluded from recovering his attorneys' fees under 29 USC § 2617(a)(3).

### III.  Volvo Is Entitled to Judgment as a Matter of Law on Count I Because Felts Cannot Prove That He Was Prejudiced By Volvo's Alleged Miscalculation of Absence Hours and His Placement on CAP

The Fourth Circuit has held that to state a claim for FMLA interference, "the employee must prove that the employer: (1) interfered with his or her exercise of FMLA rights; and (2) caused prejudice thereby." *Reed v. Buckeye Fire Equipment*, 241 Fed. Appx. 917, 924 (4th Cir. 2007)(citing *Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 89 (2002)). In order to establish prejudice, the employee must prove the following:

> Prejudice exists where an employee loses compensation or benefits "by reason of the violation," 29 U.S.C. § 2617(a)(1)(A)(i)(I); sustains other monetary losses "as a direct result of the violation," § 2617(a)(1)(A)(i)(II); or suffers some loss in employment status remediable through "appropriate" equitable relief, § 2617(a)(1)(B).

*Id. (citing Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 89 (2002)). Thus the employee must prove that it suffered damages resulting from the violation to establish prejudice.

In *Anderson v. Discovery Commun., LLC*, 517 Fed. Appx. 190 (4th Cir. 2013), the Fourth Circuit analyzed whether an employee could state a claim for FMLA interference under facts analogous to the case at bar. In *Anderson,* the employee asserted that the employer violated the FMLA based on the employer's alleged interference with her right to take a reduced work schedule upon her return to work, and that her subsequent termination constituted retaliation under the FMLA. *Id.* at 197.  The court first affirmed the trial court's granting of summary

10

judgment on the employer's retaliation claim because the employee could not establish that the employer's legitimate non-discriminatory reason for terminating her employment was a pretext for retaliation. *Id.*

The court then upheld the trial court's grant of summary judgment on the employee's interference claim because the employee could not establish prejudice resulting from the alleged interference. *Id.* at 198. The employee did not establish that she lost "any compensation or benefits, sustained other monetary loss, or suffered loss in employment status as a result of the purported interference." *Id.* This is because, after the alleged interference the employee "remained employed and was given full benefits until her termination." *Id.* Though the employee sought $786,000 in back pay, she was unable to recover these amounts under her interference claim because the alleged damages resulted from the employee's termination of employment, which the court held was a ***separate event***. *Id.*

The court's reasoning in *Anderson* could not be more on point with the case at bar. Here, the court granted summary judgment on Volvo's retaliation claim in count III of the Complaint because, *inter alia,* Felts cannot establish that his termination was pretext for retaliation and Felts cannot overcome Volvo's legitimate non-discriminatory reason for not awarding back pay. Like the employee in *Anderson*, after Volvo's alleged miscalculation of unexcused absence hours and Felts' placement on CAP, which form the basis of his interference claim, he remained employed and was paid full salary and benefits. Felts cannot recover his alleged damages—back pay and fringe benefits—which resulted from his termination of employment because his termination was

a *separate event*. Felts therefore cannot prove that he suffered any loss in compensation or benefits resulting from the alleged interference and cannot establish that he was prejudiced.[3]

Furthermore, courts in this circuit have held that even if an employee can prove liability for FMLA interference, the claim must be dismissed if the employee cannot establish that he suffered any damages as a result. *See e.g.*, *Croy v. Blue Ridge Bread, Inc.,* 3:12-CV-00034, 2013 WL 3776802, at *9 (W.D. Va. July 15, 2013) ("In this case, it does not appear that BRB informed Croy that any vacation time he took would be designated as protected leave under the FMLA. However, while this might ordinarily constitute actionable interference, Croy is again unable to show that he was prejudiced by BRB's actions. Croy did not actually miss any time after his request was denied, so he did not lose any compensation or suffer a reduction in his accrued leave time. As such, Croy has failed to show prejudice and his claim cannot survive.")

Thus, even if Felts could prove liability under Count I for a technical infraction of the FMLA, he still cannot state a claim for interference. Felts cannot establish that he was prejudiced by the violation due to his inability to prove that he was damaged by it, and Count I must be dismissed.

## IV.   Volvo Is Entitled to Judgment as a Matter of Law on Count II Because Felts Cannot Prove that Volvo's Alleged Miscalculation of Absence Hours and His Placement on CAP Are Materially Adverse Employment Actions

To prevail on Count II, Felts must be able to prove as part of his *prima facie* case that Volvo took a materially adverse action against him when allegedly misdesignating Felts'

---

[3]Other courts have adopted the Fourth Circuit's reasoning in *Anderson,* ruling that a lack of prejudice precluded the employee from proving its FMLA interference claim. *See, e.g., Downs v. Winchester Med. Ctr.*, 21 F. Supp. 3d 615, 617 (W.D. Va. 2014) (holding FMLA interference claim could not survive motion to dismiss because no prejudice resulted from alleged interference); *Hearst v. Progressive Foam Techs., Inc.*, 641 F.3d 276, 280 (8th Cir. 2011) (ruling employee failed to demonstrate any prejudice as a result of his firing on May 1, 2007, and the district court properly granted summary judgment to employer on employee's interference claim).

unexcused absence hours and placing Felts on CAP. *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (holding adverse action element in Title VII retaliation cases requires plaintiff to show that "a reasonable employee would have found the challenged action materially adverse"); *Csicsmann v. Sallada,* 211 F. App'x 163, 168 (4th Cir.2006) (applying the "materially adverse" standard from *White* to analogous FMLA retaliation claims). Adverse actions include, but are not limited to, "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." *Boone v. Goldin,* 178 F.3d 253, 255 (4th Cir.1999).

In *Csicsmann v. Sallada*, 211 Fed. Appx. 163, 168 (4th Cir. 2006), the Fourth Circuit held that the employee in an FMLA retaliation case could not establish that the alleged retaliatory conduct constituted an adverse employment action because any resulting harm was trivial in nature and not material. Similarly, Felts cannot prevail on Count II because he cannot establish that any alleged harm resulting from Volvo's alleged miscalculation of his absence hours and placement on CAP was material in nature. Felts was not discharged or demoted, his pay and benefits were not decreased, nor did he lose his job title or opportunities for promotion by virtue of his placement on CAP. Felts' termination from employment at Volvo is the only action that could conceivably cause material harm because he lost his salary and associated benefits as a result of his termination. Any other alleged harm from Volvo's purported mis-designation of unexcused absence hours or placement of Felts on CAP would be trivial in nature.

Based on the court's rulings in its Memorandum Opinion that Volvo had a legitimate non-discriminatory reason not to award Felts with back pay and that Felts cannot establish that Volvo's termination of his employment was pretextual, Felts cannot establish that the conduct set forth in Count II constitutes a materially adverse employment action. Felts has pled that he

13

suffered identical damages as a result of the conduct in Counts II and III. Due to the court's ruling in the Memorandum Opinion, Felts can no longer establish that his termination resulted in any damages, including back pay and lost benefits. This is because Volvo had a legitimate non-discriminatory reason for terminating Felts and not awarding back pay—his violation of Shop Rule 29. Thus, even if Felts could prevail on other elements of his prima *facie case*, his retaliation claim in Count II fails as a matter of law because he is unable to prove that Volvo's alleged mis-designation of his absence hours and his placement on CAP were materially adverse.

## CONCLUSION

For the foregoing reasons, Defendant, Volvo Group North America, LLC respectfully requests that this Honorable Court grant its Motion for Judgment on the Pleadings, dismiss Counts I and II of the Complaint *with prejudice* and award such other and further relief as this Court deems just and proper.

Dated:   May 31, 2018                    Respectfully submitted,

                              **VOLVO GROUP NORTH AMERICA, LLC**
                              **By Counsel**


**MILES & STOCKBRIDGE P.C.**


*/s/ Laura Golden Liff*
Suzanne W. Decker  (VSB No. 36082)
Laura Golden Liff  (VSB No. 80618)
1751 Pinnacle Drive, Suite 1500
Tysons Corner, Virginia 22102-3833
Phone:  703-903-9000
Fax:  703-610-8686
sdecker@milesstockbridge.com
lliff@milesstockbridge.com
*Counsel for Defendant*

14

4830-0099-6199, v. 1

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on this 31st day of May, 2018, a copy of the foregoing was

electronically filed with the Court and served via the Court's ECF filing system on the following:

Paul Graham Beers, Esq.
Emma Maddux Kozlowski, Esq.
**Glenn Feldmann Darby & Goodlatte**
37 Campbell Avenue, S.W.
Roanoke, Virginia 24011
PBeers@glennfeldmann.com
ekozlowski@glennfeldmann.com
*Counsel for Plaintiff*

*/s/ Laura Golden Liff*        
Laura Golden Liff

4830-0099-6199, v. 1