IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CAMERON R. FELTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:17-CV-00297 |
| ) | |
| VOLVO GROUP NORTH AMERICA, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Statement of the Case

Plaintiff Cameron R. Felts ("Felts") filed a three-count Complaint under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. against Volvo Group North America, LLC ("Volvo") on June 23, 2017. (ECF 1.) Volvo responded with an Answer and Affirmative Defenses on August 4, 2017. (ECF 9.)

On March 23, 2018, Volvo filed a Motion for Summary Judgment on Counts I-III. Felts cross-moved for partial summary judgment. The Court issued a Memorandum Opinion and Order on May 15, 2018, granting Volvo summary judgment on Count III and finding issues of fact preclude summary judgment with respect to the two remaining counts. (ECF 51 and 52.)

At a pretrial conference on May 18, 2018, the Court afforded Felts leave to file a Motion for Reconsideration. Felts moved for reconsideration on May 31, 2018, on the same date Volvo filed a Motion for Judgment on the Pleadings, ECF 60, under Rule 12(c) of the Federal Rules of Civil Procedure and a supporting memorandum, ECF 61. Felts submits this memorandum in

1

response to Volvo's Motion for Judgment on the Pleadings. In doing so, he does not waive, and expressly preserves, the arguments made in his Motion for Reconsideration.

## Argument

Volvo's Memorandum of Law in Support of its Motion for Judgment on the Pleadings consists of four sections. In Section I, Volvo asks the Court to dismiss Counts I and II of the Complaint on the ground that Felts cannot prove damages. In Section II, Volvo argues Felts cannot recover attorney's fees. In Section III, Volvo posits Felts cannot prove prejudice based on his placement in the Chronic Attendance Program ("CAP"). Finally, in Section IV, Volvo contends placement in the CAP is not an adverse employment action. Felts responds below in turn to each of these four arguments for judgment on the pleadings.

## Standard of Review

As Volvo recognizes, a motion for judgment on the pleadings under Rule 12(c) is essentially identical to a motion to dismiss under Rule 12(b)(6) in that it tests the legal sufficiency of a plaintiff's complaint. (Volvo. Memo. in Supp., ECF 61, at 4.) All allegations in the complaint must be taken as true, and all reasonable inferences drawn in the plaintiff's favor. The Court is limited to the four corners of the complaint, which includes attached exhibits. Fed. R. Civ. Proc. 10(c); Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015) ("Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'"); Dotson v. Pfizer, 558 F.3d 284, 292-99 (4th Cir. 2009) (affirming district court for denying employer judgment as a matter of law on FMLA interference and retaliation claims).

## I. VOLVO IS LIABLE TO FELTS FOR FMLA INTERFERENCE AND RETALIATION UNDER COUNTS I AND II OF THE COMPLAINT.

The FMLA provides employers "shall be liable" for damages in "the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 U.S.C. § 2617. Implementing regulations promulgated by the Department of Labor are equally clear that an employee may recover for any tangible loss connected to the violation. 29 CFR § 825.400(c). The United States Court of Appeals for the Fourth Circuit reads broadly the "by reason of" language in the statute and regulation. See Dotson v. Pfizer, 558 F.3d 284, 297 (4th Cir. 2009) (requiring plaintiff to work on one FMLA-protected day is "sufficient to overcome any damages-based hurdle to an FMLA interference claim").

Felts in his Complaint states Volvo "furtively and wrongfully charged, deemed, designated and treated leave that Felts took for FMLA-qualifying purposes as an unexcused absence . . . ." (Complaint, ECF 1, at ¶ 10.) Felts further alleges he was pulled into a meeting with Volvo's human resources on July 15, 2015. (Complaint, ECF 1, at ¶ 15.) During that meeting, Volvo supervisors "unlawfully and improperly required him to sign a Chronic Attendance Policy, attached as Exhibit A, due to his purported 84 hours of unexcused absences." (Complaint, ECF 1, at ¶ 15.) Volvo informed Felts that should he refuse to sign the chronic attendance letter, he would be subject to "immediate termination." (Complaint, ECF 1, at ¶ 15.) Felts pleads specifically that Volvo promised him "the unexcused absences balance attributed to him would be recalculated properly once he submitted revised FMLA documentation." (Complaint, ECF 1, at ¶ 16.) And the Complaint provides: "On September 9, 2015, Felts was involuntarily terminated for his purported violation of the Chronic Attendance Policy on September 7, 2015." (Complaint, ECF 1, at ¶ 20.) Felts pleads Volvo "refused to pay Felts for the period between [his termination of] September 9,

3

2015 and his reinstatement in November 2016." (Complaint, ECF 1, at ¶ 21.) As a result, Volvo is liable for "wages, salary, employment benefits, or other compensation" with respect to Counts I and II of his Complaint, both of which relate to his placement in the CAP. (Complaint, ECF 1, at ¶¶ 27, 32.)

Volvo concedes Felts pleads damages as a result of the FMLA violations alleged in all three counts of his Complaint. Volvo on page 8 of its memorandum in support accurately restates Plaintiff's Complaint.

> As pled in the Complaint, Felts' damages are limited to monetary losses resulting from his termination from employment at Volvo. Felts makes the same boilerplate allegation in support of his damages claim **for each count** of the Complaint: "As a direct and proximate result of Volvo's [ ] violations of the FMLA and associated regulations, Felts has sustained lost wages, fringe benefits and other forms of compensation; lost career opportunities; and other pecuniary and nonpecuniary damages, injuries and losses."

(Volvo Memo. in Supp., ECF 61, at 8 (citing Complaint, ECF 1, at ¶¶ 27, 32, and 37) (emphasis added).) Volvo is correct. Felts alleges in his Complaint that Volvo is liable for "wages, salary, employment benefits, or other compensation" with respect to Counts I, II, and III. Viewing the allegations in the Complaint strictly in Felts's favor, and in accordance with Volvo's correct construction of the Complaint, Felts lost wages and other tangible benefits by reason of his wrongful placement in the CAP. (Complaint, ECF 1, at ¶¶ 27, 32.)

Volvo argues, nonetheless, Felts cannot show harm in order to sustain his claims in Counts I and II because of factual findings in the Court's Opinion.[1] Specifically, Volvo avers Felts cannot

---

[1] Volvo vaguely invokes the rule of judicial notice without explaining how it applies. "The Court's factual findings in its Memorandum Opinion (ECF No. 51) are subject to judicial notice," Volvo avers. (Volvo Memo. in Supp., ECF 61, at 5.) Federal Rule of Evidence 201 provides that a court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute" either because it "is generally known within the trial court's territorial jurisdiction" or because the fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be

demonstrate damages for his claims in Counts I and II because the Court held "(1) Felts cannot establish that Volvo's reasons for terminating him were pretextual and (2) Volvo has stated a legitimate, non-discriminatory reason for not awarding back pay." (Volvo Memo. in Supp., ECF 61, at 8.)

Felts in his pending Motion for Reconsideration urges the Court to reconsider its sweeping factual findings in the summary judgment Opinion. Should the Court decide to vacate its summary judgment with respect to Count III, Volvo's instant Motion for Judgment on the Pleadings will become moot.

Felts can establish lost wages through Counts I and II notwithstanding the statements Volvo cherry-picks from the Court's Opinion. That is so for two reasons. First, a plaintiff may prevail on a mixed motive theory of liability. "In such cases, historically referred to as 'mixed-motive' cases, it is sufficient for the individual to demonstrate that the employer was motivated to take the adverse employment action by both permissible and forbidden reasons." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284 (4th Cir. 2004). Judge Conrad captured this critical point when

---

questioned." Fed. R. Evid. 201(a)-(b). Felts continues to dispute many the Court's factual findings in his Memorandum in Support of Motion for Reconsideration, ECF 63. Judicial notice, therefore, is not appropriate in this circumstance.

Equally sparse is Volvo's analysis with respect to the law of the case doctrine. It is clear, though, that the doctrine does not foreclose a Court from reconsidering its prior ruling pursuant to a motion for reconsideration.

> Law of the case is just that however, it does not and cannot limit the power of a court to reconsider an earlier ruling. The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.

Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003). Moreover, none of the Court's legal holdings as to Count III, for the reasons explained in this memorandum, preclude Felts from proving damages, prejudice, or an adverse employment action with respect to Counts I and II.

instructing the jury in a 2015 FMLA case. Judge Conrad specifically advised the jury that multiple causes for an adverse employment action do not preclude the jury from finding in favor of the plaintiff.

> With respect to the fourth element, I tell you that if you find that Ms. LaMonaca engaged in protected activity and that Tread took an adverse employment action against her, then you must decide whether Tread took that action because of Ms. LaMonaca's protected activity. You need not find that the only reason for the adverse action was Ms. LaMonaca's protected activity. But you must find that the adverse employment action would not have occurred in the absence of Ms. LaMonaca's protected activity.

(LaMonaca v. Tread Corp., No. 7:14-cv-00249, ECF 91, at 24.) A jury could reasonably conclude that Volvo was motivated, at least in part, by impermissible factors when it terminated him and refused to provide backpay upon his reinstatement.

Second, read as a whole, the Court in its Opinion finds issues of fact with respect to FMLA interference and retaliation connected to Felts's placement in the CAP.

> Nevertheless, as discussed above, there is a genuine dispute of material fact as to whether approximately 40 hours of Felts's absences were properly coded as FMLA-protected or not. Likewise, to the extent Volvo contends that its reason for placing Felts on CAP was legitimate and nondiscriminatory, its reason is only "legitimate" if a) those 40 hours that comprise the difference between the estimates of 42 or 44 and 84 hours were not FMLA-protected, or b) 42 or 44 hours of unexcused absences would have sufficed to place him on CAP. The resolution of these questions of fact is for the jury.

(Opinion, ECF 51, at 11-12, 13 ("It is not this court's role to decide at summary judgment whether Lilly's and Shiffner's later statements were adequate to justify earlier alleged errors, or to weigh hypothetical scenarios as to whether Felts would have been placed on CAP with only 42 or 44 hours of unexcused absences.")) The Court recognizes that Felts was terminated based on his placement in the CAP (Opinion, ECF 51, at 6 ("Volvo terminated him for violating the CAP").) It

6

would be wholly inconsistent for the Court to conclude now that Felts has suffered no harm based on his placement in the CAP.

## II. THE COURT SHOULD DENY VOLVO'S PREMATURE REQUEST TO CONSIDER WHETHER TO AWARD ATTORNEY'S FEES.

Volvo rightly observes that 29 U.S.C. § 2617(a)(3) requires an award of attorney's fees to prevailing plaintiffs. (Volvo Memo. in Supp., ECF 61, at 9.) As discussed above, Plaintiff will be able to show damages in connection with his wrongful placement in the CAP. Should he prevail, Felts will be entitled to an award of his attorney's fees under 29 U.S.C. § 2617(a)(3).

## III. THE COURT SHOULD DENY VOLVO'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNT I BECAUSE FELTS PROPERLY PLEADS PREJUDICE.

Recycling its argument about damages, Volvo insists Felts cannot show prejudice with respect to his FMLA interference claim in Count I. "[T]he employee must prove that it suffered damages resulting from the violation to establish prejudice," Volvo intones. (Volvo Memo. in Supp., ECF 61, at 10.) Volvo's reasoning is fundamentally flawed.

For the purpose of Volvo's Rule 12(c) motion, Felts plainly suffered prejudice in the form of lost wages and benefits as a result of his wrongful placement in the CAP. (See Complaint, ECF 1, at ¶¶ 15, 16, 20-21, 25-27.) The Court's Opinion, which found issues of fact exist as to Felts's FMLA interference claim in Count I, only bolsters this conclusion. (See Opinion, ECF 61, at 10-11.)

As Felts explained in detail in his Motion for Reconsideration, Volvo's decision to place him in the CAP led directly to his termination. Indeed, it is Volvo's *sole* stated reason for his termination. Ample evidence, including the contemporaneous admission in David Lilly's letter,

7

shows Felts never should have been placed in CAP. Felts's termination, therefore, is intertwined inextricably with his placement in the CAP. Felts incurred damages in the form of backpay and lost benefits as a result of his wrongful termination. (Complaint, ECF 1, at ¶ 27.)

Volvo cites Anderson v. Discovery Communs., LLC, 517 Fed. Appx. 190 (4th Cir. 2013). In Anderson, the plaintiff "d[id] not claim that she lost any compensation or benefits, sustained other monetary loss, or suffered loss in employment status as a result of the purported interference." Id. at 198. "[T]he only injury Anderson alleged as a result of Discovery's alleged unlawful denial of her request for a reduced work schedule was that she was not permitted to work a reduced schedule." Id. Her termination was a "separate event" because she was discharged legitimately for "manipulating time sheets." Id. at 193. Ironically, the only party who altered time sheets in this litigation is Volvo. (Def. Memo. in Support of Mot. in Limine, ECF 43, at 2; Volvo's Memo. in Support, Elswick Decl. at 7, ECF 24-3; Elswick Dep. 11; 22-23; 32-33.) Unlike the plaintiff in Anderson, Felts *does* claim he lost wages as a result of an adverse employment action (wrongful placement in the CAP). (Complaint, ECF 1, ¶ 27.) Volvo has consistently attributed Felts's termination to his placement in the CAP. (Volvo's Memo. in Support, Shiffner Decl. Exhibit B, ECF 24-5 ("The real issue is he was not terminated for this [Shop Rule 29] issue rather for coming into work 3 minutes late and violating his chronic attendance requirements.")) The Court has held there are issues of fact as to whether his placement in the CAP was proper. (See Opinion, ECF 61, at 10-11.) Volvo's motion should be denied.

**IV. THE COURT SHOULD DENY VOLVO'S MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNT II BECAUSE PLACEMENT IN THE CHRONIC ATTENDANCE PROGRAM IS AN ADVERSE EMPLOYMENT ACTION.**

Before 2006, Volvo might have been correct that a plaintiff seeking to prove he suffered an adverse employment action had to show "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." (Volvo Memo. in Supp., ECF 61, at 13 (citing Boone v. Goldin, 178 F.3d 253, 255 (4th Cir. 1999).)  That is no longer the law.  In 2006 the Supreme Court of the United States rejected this narrow understanding of the types of events that qualify as adverse employment actions.

In Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 64 (2006), the Supreme Court held anti-retaliation provisions are "not limited to discriminatory actions that affect the terms and conditions of employment." Id. at 64.  The adverse action element is satisfied instead by showing the employer took "materially adverse" action in response to an employee engaging in a protected activity, "which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68 (internal quotation marks and citations omitted). Burlington substantially expanded the Fourth Circuit's adverse employment action standard. See Williams v. Prince William Cnty., 645 Fed. Appx. 243, 245 (4th Cir. Apr. 14, 2016) (citing Lettieri v. Equant Inc., 478 F.3d 640, 650 n. 2 (4th Cir. 2007)). In the context of disciplinary action by an employer, company conduct may be "materially adverse depend[ing] upon the circumstances of the particular case . . . ." Burlington, 548 U.S. at 71.

Felts pleads Volvo intentionally miscounted and misdesignated his absences for approved FMLA leave as unexcused absences. (Complaint, ECF 1, at ¶ 30.)  Because of Volvo's mischaracterization of Felts's FMLA-approved leave, he was placed in the CAP. (Complaint, ECF 1, at ¶ 31.) As a direct and proximate result of his placement in the CAP, Felts "sustained lost wages and fringe benefits and other forms of compensation; lost career opportunities; and other pecuniary and nonpecuniary damages, injuries and losses." (Complaint, ECF 1, at ¶ 32.)  Felts

attached as Exhibit A to his Complaint a copy of the letter advising him of his placement in the CAP. (Complaint, ECF 1, Exhibit A.) That letter sets forth the conditions of Volvo's attendance disciplinary program:

> The following conditions will apply for your next six (6) months of active employment:
>
> 1. You cannot miss any time from work. This includes full-day absences, late entries, and early exits.
>
> 2. No absence will be allowed during the six months of active employment covered by this Program, other than contractually provided absence (e.g., compensable bereavement, jury duty, and witness service).
>
> 3. Your job bidding and shift preference rights will be revoked during the period that you are under this Program.
>
> 4. If you are deemed to be out of compliance with the conditions of this Program, you will be terminated immediately.

(Complaint, ECF 1, Exhibit A.) These special, punitive conditions are materially adverse under the analytical framework of <u>Burlington</u>. Felts accordingly pleads a materially adverse employment action as to Count II.

As with its other arguments, Volvo's contentions with respect to Count II rest on the faulty premise that Felts cannot show harm. Volvo again recites certain statements in the Court's May 15 Opinion. As Felts explains, <u>supra</u>, the Court's statements do not foreclose jurors from finding he incurred tangible harm as a result of his termination. The Court expressly finds issues of fact preclude summary judgment for Volvo regarding Felts's placement on the CAP. The Court states Felts was terminated for violating the CAP. The Opinion also leaves room for Felts to prove that Volvo's alleged justification is not the sole cause of its decision to deny him backpay upon his reinstatement.

The Fourth Circuit has found an adverse action in employer conduct that is much less severe than the disciplinary measure taken in this case. In Williams, a Title VII plaintiff claimed her employer retaliated against her when it "denied a deserved pay increase, had her office and equipment taken away or limited, and was excluded from meetings and given unattainable goals in her performance evaluation." 645 Fed. Appx. at 245. The district court dismissed her retaliation claim finding she failed to allege an adverse employment action. Id. at 244. The Fourth Circuit vacated the district court's judgment and remanded the case. "It is at least plausible that such actions would have dissuaded a reasonable employee from making or supporting a charge of discrimination," the Fourth Circuit reasoned. Id. at 245.

Placement in Volvo's Chronic Attendance Program is plainly more adverse than the employment actions alleged in Williams. The CAP is a "disciplinary system . . . which seeks to correct chronic absenteeism." (Opinion, ECF 51, at 2.) Placement in the CAP means an employee must endure restrictions on the full nature of his employment, including, but not at all limited to, a moratorium on the protections provided by progressive discipline.

> Once an employee is placed on CAP, a number of conditions apply to the employee's next six months of active employment, including the following mandate: "You cannot miss any times from work. This includes full-day absences, late entries, and early exists . . . . If you are deemed to be out of compliance with the conditions of this Program, you will be terminated immediately."

(Opinion, ECF 51, at 2.) As a result of his placement in CAP, Felts essentially became a probationary employee. He was deprived of job security safeguards that protect employees who are not in the CAP.

To support its strained position that placement in the CAP does not amount to an adverse employment action, Volvo relies upon Csicsmann v. Sallada, 211 Fed. Appx. 163 (4th Cir. 2006). Csicsmann was decided just months after the Supreme Court decision in Burlington that expanded

the scope of the adverse employment action and discredited "terms and conditions" analysis. The plaintiff in Csicsmann argued he suffered an adverse action when he was reassigned to a new post during the course of a corporate merger. Id. at 168. The plaintiff preferred his old job better. Id. With limited to no precedent applying Burlington, the Court concluded plaintiff failed to show a materially adverse action because "the terms and conditions of employment remained the same." Id. The Csicsmann Court was struggling to apply the sea-changing decision in Burlington without the benefit of precedent. The law has developed. As evidenced in Williams, a 2016 decision, the Fourth Circuit now readily applies the broad Burlington test to ascertain whether an employment action is materially adverse. Williams, 645 Fed. Appx. at 244-45 ("[T]he adverse action component of Title VII's antiretaliation provision is not limited to discriminatory actions that affect the terms and conditions of employment." (citing Burlington, 548 U.S. at 64) (internal quotation marks omitted)).

Csicsmann is also factually dissimilar to the case at bar. Unlike the plaintiff in Csicsmann, Felts suffered an adverse disciplinary action with near and long term consequences. (Complaint, ECF 1, Exhibit A.) Volvo informed Felts that refusal to sign the CAP letter would result in discharge. (Complaint, ECF 1, at 3.) Placement in the CAP was made "a term and condition of continued employment." (Complaint, ECF 1, at 6.) As a result of Volvo's FMLA violations connected with Felts's CAP designation, he was terminated and lost wages and other pecuniary benefits. (Complaint, ECF 1, at ¶ 32.) Csicsmann, then, is inapposite.

In sum, Volvo's argument that placement in the CAP is not a materially adverse employment action is baseless. Felts's placement in this disciplinary program and termination for violating its terms would undoubtedly dissuade a reasonable employee from exercising his rights under the FMLA. Felts, moreover, pleads (and actually suffered) harm in the form of lost wages

12

as a result of his wrongful termination. See Burlington, 548 U.S. at 72-73 (finding reassignment of job duties and disciplinary suspension constituted an adverse employment action, *even though the employee eventually received backpay*, and both qualify as adverse employment actions).

## CONCLUSION

For the foregoing reasons, the Court should deny Volvo's Motion for Judgment on the Pleadings.

CAMERON R. FELTS


By: s/Emma Maddux Kozlowski
Of Counsel

Paul G. Beers (VSB # 26725)
Email: pbeers@glennfeldmann.com
Emma Maddux Kozlowski (VSB # 85957)
Email: ekozlowski@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
27 Campbell Avenue, S.W.
P.O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050

Counsel for Cameron R. Felts

## Certificate of Service

I hereby certify that on June 14, 2018, I electronically filed the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Laura Golden Liff, Esq., Miles & Stockbridge P.C., 1751 Pinnacle Drive, Suite 1500, Tysons Corner, Virginia 22102-3833, and to Suzzanne W. Decker, Esq., Miles & Stockbridge P.C., 100 Light Street, Baltimore, Maryland 21202.

s/Emma Maddux Kozlowski
Emma Maddux Kozlowski