UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **CAMERON R. FELTS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 7:17-cv-00297-EKD |
| | ) |
| **VOLVO GROUP NORTH AMERICA, LLC** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**VOLVO GROUP NORTH AMERICA, LLC'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Volvo Group North America, LLC ("Volvo" or "Defendant"), by and through its undersigned counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, files this Reply Memorandum in Support of its Motion for Judgment on the Pleadings. (ECF No. 60.)

**INTRODUCTION**

Felts' Opposition to Volvo's Motion for Judgment on the Pleadings (ECF No. 64) advances arguments that are largely non-responsive to the arguments made by Volvo in its Memorandum (ECF No. 61). Felts does not rebut or even attempt to rebut the overwhelming case law supporting Volvo's primary argument—if Felts cannot establish that he was damaged as a result of the conduct pled in Counts I or II, he fails to state a claim for FMLA interference or retaliation. (*See e.g,* ECF No. 61 at 7.) It is therefore undisputed that if Felts cannot prove his damages, Volvo is entitled to judgment as a matter of law. Furthermore, Felts does not dispute Volvo's argument that if he cannot prove any damages, he cannot recover his attorneys' fees under 29 USC § 2617(a)(3). Rather the only issue that Felts disputes is whether he can prove his damages at all.

There is one obvious reason why Felts cannot prove his damages in this case—*his Shop Rule violation*. It is an absolute bar to his recovery pursuant to the Court's rulings in its Memorandum Opinion (ECF No. 51). Felts cannot overcome this fact. Instead he makes several arguments that ignore the Court's findings in its Opinion and essentially argues for a second time that the court should reconsider its ruling on Count III. For the reasons stated in Volvo's Opposition to Felts' Motion for Reconsideration (ECF No. 65), there is no legitimate basis for the court to reconsider its ruling on Count III. As such, the Opinion is the law of the case and it forecloses Felts' ability to prove that he suffered any damages. Accordingly, Counts I and II should be dismissed *with prejudice*.

## ARGUMENT

### I. Felts' Inability to Prove Damages Entitles Volvo to Judgment as a Matter of Law Under Fed R. Civ. P. 12 or 56

Because the Court's Opinion is fatal to his damages claims, Felts contends that his Motion for Reconsideration prevents the court from taking judicial notice of its Opinion. The court should deny Felts' meritless Motion for Reconsideration. Judicial notice of the Court's Opinion is appropriate because the facts within the Opinion "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Indeed the Fourth Circuit has observed that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (citations omitted). Thus, the Court is well within its authority to take judicial notice of the findings of fact within its Opinion. The legal conclusions in the Opinion are binding under the law of the case doctrine, which holds "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (internal citations

omitted). The purpose of the doctrine is to promote the judicial system's interest in efficient administration. *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982).

To promote the efficient administration of this case, Volvo filed its Motion for Judgment on the Pleadings because the findings of fact and conclusions of law contained in the Opinion foreclose Felts' ability to recover damages in this action. However, as stated in its Motion (ECF No. 60) and its Memorandum (ECF No. 61), in the event that the Court finds that it cannot take judicial notice of its Opinion for any reason, or that the law of the case doctrine does not apply, Volvo alternatively moves for Summary Judgment pursuant to Fed. R. Civ. P. 56, as provided for under Fed. R. Civ. P. 12(d).[1] Regardless of the form of Volvo's Motion, the substance remains the same—there is no genuine dispute of material fact that Felts cannot prove his damages and Volvo is entitled to judgment as a matter of law on Counts I and II.

**II. Felts Cannot Prove That He Suffered Any Damages Resulting from the Conduct Pled in Counts I and II and They Must Be Dismissed**

Felts concedes that when an employee does not suffer any monetary losses as a result of a technical violation of 29 USC § 2615, the employee has no grounds for relief under 29 U.S.C. § 2617 and the employer is entitled to judgment as a matter of law on that claim. (*See, e.g.,* ECF No. 61 at 7 (citing numerous cases holding same)). Instead, Felts argues that he can recover damages under a "mixed-motive" theory of liability. However, even if the Court applies the mixed-motive standard, Felts cannot prove his damages as a matter of law.

---

[1] In the event the Court finds that summary judgment is the appropriate vehicle for this Motion, Volvo incorporates by reference as if fully set forth herein all evidence that it submitted in support of its Motion for Summary Judgment (ECF Nos. 24 and 30) and in Opposition to Felts' Motion for Summary Judgment (ECF No. 28). To be fair to Felts, Volvo also incorporates by reference all evidence that Felts submitted in support of his Motion for Summary Judgment (ECF Nos. 22 and 31) and in Opposition to Volvo's Motion (ECF No 29.)

Under the mixed-motive framework, a plaintiff can "establish a claim of discrimination by demonstrating through direct or circumstantial evidence that ... ***discrimination motivated*** the employer's adverse employment decision." *Thomas v. Delmarva Power & Light Co.*, 715 Fed. Appx. 301, 302 (4th Cir. 2018)(unpublished)(citations omitted). Based on the rulings in the Court's Opinion, Felts cannot establish that discrimination motivated ***any aspect*** of Volvo's decision to terminate his employment and not award back pay. (*See, e.g*, ECF No. 51 at 14-16) ("Volvo has stated a legitimate, non-discriminatory basis for terminating Felts. . . Although Felts argues that this reason was pretextual, ***he makes no evidentiary showing*** in that regard. . . Volvo has proffered overwhelming evidence that it chose not to award back pay because of the Shop Rule violation, about which there are no material factual disputes, and Felts has pointed to ***no evidence whatsoever that would suggest pretext*** as to this decision.")). The Court unequivocally held that discriminatory animus was not the motivating factor in Volvo's decisions to terminate and not award back pay. Felts cannot now argue that it was. The Court's Opinion bars Felts from asserting that he is able to recover damages under the mixed-motive theory. The Court correctly held that there is absolutely no evidence of discriminatory animus in the record.

Felts' next argument claims that because the Court found disputes of material fact precluded a finding of liability for technical FMLA violations in Counts I and II, those same issues of fact preclude the court from ruling on damages. Felts' logic is flawed. Assuming for the sake of argument that the Court found Volvo liable for technical violations in Counts I or II, Felts cannot establish that his placement on CAP caused his damages when it is undisputed that Volvo's ***sole reason*** for its decision to not award back pay was Felts' Shop Rule violation. (*See,* ECF No. 51 at 14-16.) This finding is the law of the case and binding. It precludes Felts from proving any other reason motivated Volvo's decision.

Based on the foregoing, Felts cannot establish that he suffered any damages as a result of the conduct pled in Counts I and II of the Complaint and they should be dismissed *with prejudice*.

**III.     Felts Cannot Prove That He Suffered Any Damages in This Action and Is Barred from Seeking His Attorneys Fees**

In his Opposition, Felts does not dispute that pursuant to 29 U.S.C. § 2617(a)(3), an actual "judgment" in favor of the plaintiff is a necessary triggering event for an award of attorneys' fees under the FMLA. *See, e.g., Franzen v. Ellis Corp.,* 543 F.3d 420, 430 (7th Cir. 2008). For the reasons stated in Volvo's Memorandum, because Felts cannot prove as a matter of law that he suffered any damages resulting from the conduct set forth in Counts I and II of the Complaint, the court cannot enter a judgment in his favor, and he is precluded from recovering his attorneys' fees under 29 USC § 2617(a)(3). (*See* ECF No. 61 at 9-10.)

**IV.     Felts Is Unable to Establish Prejudice As a Matter of Law and Count I Must Be Dismissed**

Felts concedes that Volvo's statement of the law on FMLA interference claims articulated by the United States Supreme Court in *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) is correct. To state a claim for interference, Felts must prove that Volvo: "(1) interfered with his . . . exercise of FMLA rights; and (2) ***caused prejudice*** thereby." *Reed v. Buckeye Fire Equipment*, 241 Fed. Appx. 917, 924 (4th Cir. 2007)(citations omitted). It is also undisputed that to establish prejudice, Felts must prove that he ***suffered damages*** resulting from the alleged violation. *See, id.* (citations omitted).

Felts erroneously contends that he can prove that he suffered damages as a result of his placement on CAP simply because he alleged this in the Complaint.[2] (*See* ECF No. 64 at 7-8

---

[2] Additionally, Felts impermissibly cites to evidence that is outside of the pleadings and this Court's Opinion. *See* ECF No. 64 at 7-8 (citing to "David Lilly's letter", Elswick Declaration, Elswick Deposition, Shiffer Declaration and Exhibits.) However, even if it court was able to

(quoting Compl. at ¶ 27) ("Felts plainly suffered prejudiced in the form of lost wages and benefits as a result of his wrongful placement on CAP" and "Felts incurred damages in the form of back pay and lost benefits as a result of his wrongful termination.")). However, these allegations from the Complaint are **blatantly contradicted** by the Court's Opinion, which held: (1) Volvo had a legitimate non-discriminatory reason for terminating Felts and (2) Felts' Shop Rule violation was the reason why Volvo decided not to award back pay and benefits. (*See* ECF No. 51 at 14-16). The Court should disregard Felts' allegations in the Complaint when they are directly contradicted by judicially noted facts in the Court's Opinion. *See, e.g., Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (When reviewing a motion for judgment on the pleadings, a court is not required to "accept allegations that represent unwarranted inferences, unreasonable conclusions or arguments, or that **contradict matters properly subject to judicial notice** or by exhibit."). Felts' argument that because he pled something in the Complaint the Court should accept it, even when contradicted by the Court's findings in its Opinion, must be rejected.

Additionally, Felts' attempt to distinguish this case from *Anderson v. Discovery Commun., LLC*, 517 Fed. Appx. 190 (4th Cir. 2013) is equally unavailing. (*See* ECF No. 64 at 8.) In *Anderson*, the court held that the employee could not recover back pay because the reason why the employer denied it was a based on a separate event from the alleged interference. *See id*. at 198. Like in *Anderson*, Volvo's decision not to award back pay was due to a separate and unrelated event from Felts' placement on CAP.

Based on the foregoing and the precedent set forth under *Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81 (2002), Felts' inability to prove his damages renders him unable to establish prejudice, an essential element of his interference claim, and Count I must be dismissed.

---

consider this evidence, none of it refutes the uncontroverted fact that Volvo's sole reason for the decision to not award back pay was Felts' Shop Rule violation.

### V. **Felts Is Unable to Show that His Placement on CAP Caused Material Harm and Count II Must Be Dismissed**

Felts' Opposition erroneously claims that Volvo does not state the correct law on adverse employment actions. This statement is baseless. Volvo cites to the controlling United States Supreme Court decision on this topic, *Burlington v. White*, 548 U.S. 53 (2006), in support of the very first sentence in Section IV of its Memorandum.[3] As explained by the Fourth Circuit in *Csicsmann v. Sallada*, 211 Fed. Appx. 163, 168 (4th Cir. 2006), "*White* explains that while factors other than the terms and conditions of employment may be examined in determining whether an adverse employment action occurred, this is ***still a heavy burden for the plaintiff***: the alleged adverse action must be ***material***." The United States Supreme Court in *White* further explained that "[t]he anti-retaliation provision protects an individual not from all retaliation, but from retaliation that ***produces injury or harm***." 548 U.S. at 67. Based on the standard articulated in *White* and *Csicsmann*,[4] the Court's Opinion forecloses Felts' ability to establish that his placement on CAP was a materially adverse action.

In his Opposition, Felts makes several erroneous arguments without regard to the Court's findings in its Opinion. Felts' arguments on pages 11-12 of his Opposition actually illustrate Volvo's point. Felts claims that being placed on CAP is a materially adverse action due to the

---

[3] *See* ECF No. 61 at 12-13. ("To prevail on Count II, Felts must be able to prove as part of his *prima facie* case that Volvo took a materially adverse action against him when allegedly misdesignating Felts' unexcused absence hours and placing Felts on CAP.") (citing *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (holding adverse action element in Title VII retaliation cases requires plaintiff to show that "a reasonable employee would have found the challenged action materially adverse.")). Volvo correctly states that adverse actions ***include but are not limited to*** "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion."). (ECF No. 16 at 13.)

[4] Contrary to Felts' contention, *Csicsmann* correctly applies to standard set forth in *White*, is still very good law in the Fourth Circuit and has been positively cited by sister circuits nationwide.

threat of termination. He then claims that being terminated is materially adverse because of the deprivation of his salary. Thus, if there is another rationale behind Felts' termination and deprivation of his salary—such as Felts' Shop Rule violation—then the action is not materially adverse. This is because, like in *Csicsmann*, any harm allegedly suffered due to Felts' placement on CAP would only be trivial in nature and not actionable. *See e.g., Parsons v. Wynne,* 221 F.App'x 197, 198 (4th Cir. 2007) (negative performance evaluation and removal from alternate work schedule not material); *Jackson v. Winter,* 497 F.Supp.2d 759, 771 (E.D.Va. 2007) (determining that a written reprimand placed in Plaintiff's personnel file was not sufficiently adverse for purposes of a Title VII retaliation claim); *King v. Louisiana*, 294 Fed.Appx. 77, 85 (5th Cir. 2008) (Rudeness and unfriendliness by a supervisor and a co-worker, "unpleasant work meetings, verbal reprimands, improper work requests and unfair treatment do not constitute adverse employment actions as ... retaliation."); *Earle v. Aramark Corp*., 247 Fed.Appx. 519, 524 (5th Cir. 2007) (disciplinary write-ups and micro-managing of plaintiff's performance are not materially adverse); *Grice v. FMC Techs. Inc.,* 216 Fed. Appx. 401, 404, 407 (5th Cir. 2007) (unjustified reprimands are "trivial" and not materially adverse). Thus, in light of the rulings in the Court's Opinion, Felts cannot establish that the conduct pled in Count II was materially adverse and it should be dismissed *with prejudice.*

## CONCLUSION

For the foregoing reasons, Defendant, Volvo Group North America, LLC respectfully requests that this Honorable Court grant its Motion for Judgment on the Pleadings, dismiss Counts I and II of the Complaint *with prejudice* and award such other and further relief as this Court deems just and proper.

Dated:   June 21, 2018               Respectfully submitted,

                                                          **VOLVO GROUP NORTH AMERICA, LLC**
                                                          **By Counsel**

**MILES & STOCKBRIDGE P.C.**

*/s/ Laura Golden Liff*
Suzzanne W. Decker  (VSB No. 36082)
Laura Golden Liff  (VSB No. 80618)
1751 Pinnacle Drive, Suite 1500
Tysons Corner, Virginia 22102-3833
Phone:  703-903-9000
Fax:  703-610-8686
sdecker@milesstockbridge.com
lliff@milesstockbridge.com
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 21st day of June, 2018, a copy of the foregoing was electronically filed with the Court and served via the Court's ECF filing system on the following:

Paul Graham Beers, Esq.
Emma Maddux Kozlowski, Esq.
**Glenn Feldmann Darby & Goodlatte**
37 Campbell Avenue, S.W.
Roanoke, Virginia 24011
PBeers@glennfeldmann.com
ekozlowski@glennfeldmann.com
*Counsel for Plaintiff*

                                                          */s/ Laura Golden Liff*
                                                          Laura Golden Liff

4833-8982-9227, v. 1