IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CAMERON R. FELTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:17-CV-00297 |
| ) | |
| VOLVO GROUP NORTH AMERICA, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR RECONSIDERATION**

Statement of the Case

On May 31, 2018, plaintiff Cameron R. Felts ("Felts"), with leave from the Court, filed a Motion for Reconsideration, ECF 62, and supporting memorandum, ECF 63.  Defendant Volvo Group North America, LLC ("Volvo") on June 14 filed a response brief, ECF 65.  Felts now submits this reply memorandum again urging the Court to reconsider its opinion granting summary judgment to Volvo on Count III of the Complaint, which alleges interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq.

The issues in this case have been the subject of extensive briefing. For the reasons previously stated, the Court's decision with respect to Count III should be vacated. See Fed. R. Civ. Proc. 56(b).

**I.    VIEWING THE EVIDENCE IN FELTS'S FAVOR, NO SHOP RULE 29 VIOLATION OCCURRED.**

1

Volvo's entire defense rests on the fundamentally flawed assumption that Felts violated Shop Rule 29. (See Volvo's Reply Memo., ECF 66, at 2, 4, 6, 8.) He was never charged with a Shop Rule 29 violation. No shop rule violation occurred.

Shop Rule 29 prohibits an employee from "misrepresenting [him]self with information provided to the Company." (Opinion, ECF 51, at 2.) Felts argued in his opening memorandum that the Court in its summary judgment opinion fails to articulate any misrepresentation by Felts in connection with his need for leave on June 8-9, 2015. (Felts's Memo. in Supp., ECF 63, at 21.) Volvo in response filed a 23-page brief. Nowhere in that pleading does Volvo identify the misrepresentation by Felts. Volvo's silence is telling.

Neither Volvo nor the Court can articulate the misrepresentation because there is no evidentiary basis for concluding Felts lied to the company about his need for leave on those dates. Indeed, Felts testified during his deposition that he suffered multiple panic attacks during incarceration that left him medically unable to perform his job. Felts presented evidence of his understandable mental breakdown in opposing Volvo's summary judgment motion. (Felts's Memo. in Opp., ECF 29, at 14 (citing Felts Dep. 182-83; 193); see also Felts's Memo. in Supp., ECF 63, at 21 (citing page 41 of the deposition of David Lilly: "I think if I suffered from anxiety and I just got a DUI and I was either in jail or just got out, I probably would have some anxiety too.").)

Felts provided the Court contemporaneous admissions by Volvo that Felts did not violate Shop Rule 29. According to Volvo's Human Resources Director, Gerald Shiffner--

> ***Dan he was not actually in jail on the two days. He was arrested one night and released at 1:30 the next day and the [sic] arraigned the following day.*** His FMLA was for anxiety, which we would argue should not be self-inflicted. ***The real issue is he was not terminated for this issue rather for coming into work 3 minutes late and violating his chronic attendance requirements.*** The sad part of this whole

2

> story is we don't know why he was ever put in the chronic attendance program, the records reflect that he only had 44 hours we don't put employees in the program with 44 hours. This was not a case we were willing to arbitrate. Sometimes we have to cut our losses, you are aware of the process.
> Jerry

(Volvo's Memo. in Supp., Shiffner Decl. Exhibit B, ECF 24-5.) (emphasis added)). Volvo has no response to this admission either.

Volvo's only response to the overwhelming evidence that no Shop Rule violation actually occurred, is that Felts's need for FMLA leave on June 8-9, 2015 may have been "potentially tied to a medical condition." (Volvo's Response Br., ECF 65, at 19.) Volvo correctly observes Felts's requests for FMLA leave on June 8-9, 2015 were tied directly to his medical need for leave on those dates. In fact, Felts timely called Volvo's FMLA-leave telephone line to request leave on both dates. Volvo approved his requests for leave. To date, Volvo does not count June 8-9, 2015 as chargeable absences. The time records on which Volvo relies so heavily show that those dates were for Felts's FMLA leave. (Felts's Memo. in Opp., ECF 29, at 14.)

Put simply, because there was no misrepresentation, no shop rule violation occurred. The Court's decision with respect to Count III, which rests primarily on the erroneous assumption that a shop rule was violated, cannot stand.

## II. ISSUES OF FACT PRECLUDE THE COURT'S FINDING THAT VOLVO WAS JUSTIFIED IN TERMINATING FELTS BECAUSE HE VIOLATED THE CHRONIC ATTENDANCE PROGRAM.

The Court finds issues of fact exist as to whether placing Felts in the Chronic Attendance Program ("CAP") violated his FMLA rights. It denies Volvo's motion for summary judgment as to Counts I (FMLA interference) and II (FMLA retaliation) because "there is a genuine dispute of material fact as to whether approximately 40 hours of Felts's absences were properly coded as

FMLA-protected or not." (Opinion, ECF 51, at 11-12.) "It is not this court's role to decide at summary judgment whether Lilly's and Schiffner's later statements were adequate to justify earlier alleged errors, or to weigh hypothetical scenarios as to whether Felts would have been placed on CAP with only 42 or 44 hours of unexcused absences," the Court explains. (Opinion, ECF 51, at 13.)

In light of these unequivocal findings by the Court on Counts I and II, its conclusion as to Count III that Volvo had a legitimate reason to terminate Felts based on his violation of the CAP is untenable. Volvo never addresses in its response brief this internal inconsistency in the Court's Opinion.

The United States Court of Appeals for the Fourth Circuit in Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208 (4th Cir. 2016), reversed a district court for similar internal inconsistencies. The plaintiff in that case alleged her employer treated her differently based on her race and ultimately terminated her. She brought six counts alleging discrimination and retaliation under Title VII and 42 U.S.C. § 1981. The district court granted summary judgment to the defendant-employer on all six counts.

Vacating the district court's award of summary judgment to the defendant-employer, the Fourth Circuit criticized the district court for concluding the plaintiff demonstrated a prima facie retaliation case but failed to show pretext. "To the extent that the evidence supporting a plaintiff's prima facie case also undermines the employer's non-retaliatory justification that evidence may be called upon by the trier of fact in determining whether or not the proffered justification is pretextual." Id. at 220. "[T]he court's opinion appears to be internally inconsistent," the Fourth Circuit observed. Id. at 220.

The Fourth Circuit in <u>Guessous</u> admonished the district court for other analytical flaws that are relevant here. Citing <u>Tolan v. Cotton</u>, 134 S. Ct. 1861, 1866 (2014), the Fourth Circuit found error because the district court improperly weighed the evidence by ignoring admissions by the defendant employer. <u>Guessous</u>, 828 F.3d at 218 (stating employer's admission was consistent with plaintiff's claim that the termination was retaliatory). "Because [Plaintiff's] evidence puts the validity of [defendant's] explanation in doubt, it is sufficient to survive summary judgment." <u>Id.</u> at 219.

The court, moreover, criticized the lower court for failing to explain the basis for its conclusions at summary judgment. "Rather than engaging in a detailed analysis of the competing evidence . . . [t]he court offered no elaboration in its opinion . . . ." <u>Id.</u> at 218.

The Court's Opinion in this case suffers from the same flaws found in the district court's decision in <u>Guessous</u>. With respect to Count III, the Courts findings are conclusory:

- Felts "cannot establish that Volvo's reasons for terminating him were pretextual." (Opinion, ECF 51, at 14.)

- "Felts cannot overcome this legitimate, non-discriminatory reason for Volvo's decision to not award back pay." (Opinion, ECF 51, at 14.)

The Court does not grapple with the substantial evidence which, viewed in Felts's favor, precludes those findings. The Court, for instance, ignores completely contemporaneous admissions by Volvo:

- "If Cameron Felts had been coded correctly in the AT Server there would have been no reason to place him in the Chronic Attendance Program." (Volvo's Memo. in Supp., Lilly Decl. Exhibit D, ECF 24-4.)

5

- "Dan he was not actually in jail on the two days. He was arrested one night and released at 1:30 the next day and the [sic] arraigned the following day. His FMLA was for anxiety, which we would argue should not be self-inflicted. The real issue is he was not terminated for this issue rather for coming into work 3 minutes late and violating his chronic attendance requirements." (Volvo's Memo. in Supp., Shiffner Decl. Exhibit B, ECF 24-5.)

The Court also overlooks unequivocal testimony from David Lilly that he reviewed Felts's attendance records in 2015 around the time of Felts's termination and saw he had only about 40 unexcused absence hours. (Felts's Memo. in Supp., ECF 63, at 17 (citing Lilly Dep. 14; 15; 16; 28-29; 32, 46 ("All I know is at a particular date [AT Server] showed 40 hours.").

Accordingly, the flaws in Guessous that troubled the Fourth Circuit – internal inconsistencies, ignoring admissions by defendant, and failing to provide analytical context to legal conclusions - are present in the Court's Opinion.

This Court's recent decision in Dooley v. Capstone Logistics, LLC, No. 7:17-cv-00282, 2018 U.S. Dist. LEXIS 101784 (W.D. Va. Jun. 19, 2018) (Dillon, J.), is also markedly inconsistent with the Court's holding with respect to Count III in the instant case. In Dooley, the Court denied an employer-defendant summary judgment on plaintiff's Title VII retaliation claim. Critical to the Court's conclusion was its finding that "there have been shifting reasons given by Capstone for Dooley's termination, which also can be evidence of pretext." Id. at *19.

Shifting rationales are a feature of Volvo's defense in the case at bar. Volvo asserts it terminated Felts for violating the CAP. It claims to have refused him backpay because of a shop rule violation (though it cannot articulate any misrepresentation on which a violation could be

predicated). Felts's termination and reinstatement without backpay were one continuous FMLA violation. Volvo's purported justifications are inconsistent, shifting rationales that clearly support a finding of pretext. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000) ("[T]he trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose."); EEOC v. Sears Roebuck & Co., 243 F.3d 846, 852-53 (4th Cir. 2001) (holding, under Reeves, "the fact that Sears has offered different justifications at different times . . . is, in and of itself, probative of pretext.").

In addition, nothing demonstrates "dishonesty," dissembling to cover up a discriminatory purpose, and falsity of explanations so well as Volvo's repeated admissions that it "manually chang[ed]" Felts's time records after his reinstatement. Those attendance records are critical evidence in this case. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 647 (4th Cir. 2002) ("The fact that an employer has offered inconsistent posthoc explanations for its employment decisions is probative of pretext.").

In sum, disputes of fact preclude summary judgment for Volvo with respect to Felts's interference and retaliation claim in Count III. While the Court may not be convinced by Volvo's admissions, a reasonable jury would be entitled to reach a different conclusion. Summary judgment for Volvo on Count III is not warranted.

## **CONCLUSION**

For the foregoing reasons, the Court should vacate its Opinion and Order with respect to Count III, and permit all of plaintiff's claims to proceed to the jury. The Court should also grant plaintiff's Motion for Partial Summary Judgment with respect to Felts's serious health condition, an element of his claims Volvo conceded.

CAMERON R. FELTS

By: s/Emma Maddux Kozlowski
Of Counsel

Paul G. Beers (VSB # 26725)
Email: pbeers@glennfeldmann.com
Emma Maddux Kozlowski (VSB # 85957)
Email: ekozlowski@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
27 Campbell Avenue, S.W.
P.O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050

Counsel for Cameron R. Felts

## Certificate of Service

I hereby certify that on June 21, 2018, I electronically filed the foregoing Plaintiff's Reply Memorandum in Support of Motion for Reconsideration with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Laura Golden Liff, Esq., Miles & Stockbridge P.C., 1751 Pinnacle Drive, Suite 1500, Tysons Corner, Virginia 22102-3833, and to Suzzanne W. Decker, Esq., Miles & Stockbridge P.C., 100 Light Street, Baltimore, Maryland 21202.

s/Emma Maddux Kozlowski
Emma Maddux Kozlowski