IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CAMERON R. FELTS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:17-cv-00297 |
| | ) | |
| VOLVO GROUP NORTH AMERICA, | ) | By: Elizabeth K. Dillon |
| LLC, | ) | United States District Judge |
| | ) | |
| Defendant. | | |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO RECONSIDER AND DENYING DEFENDANT'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

This matter is before the court on two motions: 1) plaintiff Cameron Felts's motion to

reconsider the court's memorandum opinion and order granting summary judgment as to Count

III of plaintiff's complaint, and 2) defendant Volvo Group North America, LLC's motion for

judgment on the pleadings. For the following reasons, the court will grant in part and deny in

part plaintiff's motion to reconsider and deny as moot defendant's motion for judgment on the

pleadings.

I. INTRODUCTION[1]

In this case, Felts alleges that Volvo interfered with his substantive rights under the

Family and Medical Leave Act (FMLA) and retaliated against him for exercising his FMLA

rights. Count I of the complaint asserts that Volvo interfered with Felts's lawful exercise of his

FMLA rights by mis-designating his FMLA-qualifying leave hours as unapproved, by

overstating the number of FMLA-qualifying leave hours Felts actually took, and by forcing Felts

to sign the Chronic Attendance Program (CAP). Count II of the complaint asserts that Volvo

---

[1] The court assumes the parties' knowledge of the facts underlying this case.

retaliated against Felts for exercising his FMLA rights by intentionally miscounting and mis-

designating his FMLA-qualifying leave hours as unapproved, which resulted in Felts having to

sign the CAP.  Count III of the complaint, which is at issue in Felts's motion to reconsider,

asserts:

> Volvo willfully and in bad faith violated the FMLA and regulations promulgated
> by the Department of Labor pursuant to the FMLA by retaliating against Felts for
> exercising his rights under the FMLA and terminating him pretextually for
> appearing three minutes late and subsequently refusing to pay him backpay and
> benefits when it finally reinstated him about 14 months later.
>
> Volvo pretextually terminated Felts for his purported violation of the Chronic
> Attendance Policy on a single occasion when he was about three minutes late for
> work. However, Felts should never have been held to the Chronic Attendance
> Policy in the first place. Volvo intentionally violated the FMLA by
> misdesignating and mischaracterizing his approved, FMLA qualified leave hours
> as unapproved and unexcused hours.
>
> In violation of Felts' right to reinstatement when Volvo finally relented and
> returned him to the workplace in November 2016, defendant unlawfully refused
> to make him whole and continued to retaliate against him for his lawful exercise
> of his FMLA rights. Volvo's post-reinstatement retaliatory adverse employment
> actions included, inter alia, the company's (A) refusal to afford him backpay and
> back benefits to cover the 14 month period between his unlawful discharge and
> reinstatement; (B) demotion of Felts to a lower rate of pay; and (C) placement of
> Felts on a period of probation.

(Compl. ¶¶ 34–36.)

The parties submitted cross-motions for summary judgment, which were fully briefed and

argued before the court.  On May 15, 2018, the court issued its memorandum opinion and order.

The court denied summary judgment as to Count I because "[i]t is not this court's role to decide

at summary judgment whether Lilly's and Shiffner's later statements were adequate to justify

earlier alleged errors, or to weigh hypothetical scenarios as to whether Felts would have been

placed on CAP with only 42 or 44 hours of unexcused absences."  (Mem. Op. 12, Dkt. No. 51.)

Likewise, the court denied summary judgment as to Count II because "there is a genuine dispute

of material fact as to whether approximately 40 hours of Felts's absences were properly coded as

FMLA-protected or not" and, "to the extent Volvo contends that its reason for placing Felts on

CAP was legitimate and nondiscriminatory, its reason is only 'legitimate' if a) those 40 hours

that comprise the difference between the estimates of 42 or 44 and 84 hours were not FMLA-

protected, or b) 42 or 44 hours of unexcused absences would have sufficed to place him on

CAP." (*Id.* at 13.) With respect to Count III, however, the court concluded that Felts could not

prevail because he could not establish that Volvo's reasons for terminating him were pretextual.

The court reasoned that "[n]othing in the record suggests that those responsible for Felts's

termination knew—or had any reason to know—that the number of unexcused absence hours

were inaccurate, if indeed they were." (*Id.* at 16.)

Felts now moves the court to reconsider its ruling as to Count III of the complaint under

under Federal Rule of Civil Procedure 54(b). Although Felts submits a barrage of reasons, many

irrelevant to the motion at hand, the court will address only those arguments relevant to and

underlying its decision. For its part, Volvo moves for judgment on the pleadings, arguing that,

given the court's ruling with respect to Count III, Felts cannot prove damages.

## II.   DISCUSSION

### A.  Felts's Motion to Reconsider

Under Federal Rule of Civil Procedure 54(b), "a district court retains the power to

reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when

such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir.

2003). The resolution of a motion for reconsideration filed pursuant to this rule is "committed to

the discretion of the district court." *Id.* at 515. In light of such discretion, "[m]otions for

reconsideration of interlocutory orders are not subject to the strict standards applicable to

motions for reconsideration of a final judgment." *Id*. at 514. Nonetheless, courts often consider the same factors[2] and generally do not grant such motions unless "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]." *McAfee v. Boczar*, No. 3:11-cv-646, 2012 WL 2505263, at *2 (E.D.Va. June 28, 2012) (citation omitted). "Reconsideration is also appropriate when 'the prior decision was clearly erroneous and would work manifest injustice.'" *McCoy v. Robinson*, No. 3:08-cv-555, 2011 WL 5975277, at *9 (E.D. Va. Nov. 28, 2011) (quoting *Am. Canoe Ass'n*, 326 F.3d at 515).

At the periphery, Felts argues that the court mistakenly refers to one of Felts's shifts as "scheduled" rather than "voluntary," and that the opinion incorrectly states that Felts signed a Last Chance Agreement on November 28, 2016. The Court agrees. It amends page six of the opinion to replace "scheduled" with "voluntary," and it strikes from page seven of the opinion that "Felts signed a Last Chance Agreement on November 28, 2016." (Dkt. No. 51.)

At the heart of the matter, the court is persuaded by Felts's argument that the court erred in concluding that Felts had insufficient evidence for a jury to conclude that Volvo's reasons for terminating him were pretextual. This is true, both as to his prima facie case and with regard to overcoming Volvo's legitimate non-discriminatory reason for not awarding backpay. On this basis alone, the court will grant Felts's motion to reconsider summary judgment as to Count III. With respect to Count I, the court reasoned that Shiffner's explanation as to why his earlier statement regarding Felts's absence hours was incorrect "may be legitimate, but that is not for

---

[2] Pursuant to the Rule 59(e) factors, a motion to reconsider may be granted : "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available . . .; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

this court to decide" because matters of witness credibility are for the jury. (Mem. Op. 11.)

With respect to Count III, it is now clear to the court that it was not just Zart who ultimately

decided to terminate Felts for violating the CAP. Rather, Shiffner was also involved in making

the decision. (*See* Shiffner Decl. ¶ 9, Dkt. No. 24-5) ("Labor Relations Manager Linda Zart and

I made the decision to terminate Felts.") The parties' briefing and arguments on the motion to

reconsider have brought to light the internal inconsistency in the court's reasoning—specifically,

between its declining to wade into matters of witness credibility with regard to Shiffner and the

legitimacy of Felts's placement on the CAP on one hand, and its concluding that no genuine

dispute of material fact exists as to the reason for Felts's termination, purportedly for violating

the CAP, on the other hand. Furthermore, a question remains as to the identity of the individual

or individuals who actually made the decision to place Felts on CAP in the first place. (*See* CAP

Ltr. 1, Dkt. No. 24-3). Accordingly, the court concludes that it committed a clear error of law

when it held that no genuine dispute of material fact exists as to Volvo's reasons for terminating

Felts. *See Am. Canoe Ass'n*, 326 F.3d at 515 ("The ultimate responsibility of the federal courts,

at all levels, is to reach the correct judgment under law.") It will grant Felts's motion for

reconsideration as to the allegations regarding termination in Count III.

To the extent Felts requests the court to reconsider additional matters not addressed in

this order, his motion will be denied.[3]

## B. Volvo's Motion for Judgment on the Pleadings

Volvo moves for judgment on the pleadings on the basis that, given the court's summary

judgment ruling as to Count III, Felts cannot prove he suffered any damages under Counts I and

---

[3]    The court acknowledges that, in addition to asking the court to reconsider its ruling as to Count III, Felts once again asks for the court to grant summary judgment in his favor on an element of his prima facie case: whether he has a serious health condition. As the court has already noted in its memorandum opinion, that Felts's anxiety qualifies as a serious medical condition is undisputed for purposes of the motion only. (Mem. Op. 3 n.1.) The court's conclusion as to this matter will not change regardless of how many times Felts makes the same request.

II. Because the court is granting Felts's motion to reconsider with respect to his termination as alleged in Count III, Volvo's motion is now moot.

### III. CONCLUSION

For the reasons stated above, the court GRANTS plaintiff's motion for reconsideration regarding only the termination claim in Count III. (Dkt. No. 62.) Page six of the court's memorandum opinion is AMENDED to replace "scheduled" with "voluntary," and the statement "Felts signed a Last Chance Agreement on November 28, 2016" is STRICKEN from page seven of the opinion. (Dkt. No. 51.) Furthermore, the court now DENIES defendant's motion for summary judgment as to the allegations regarding termination in Count III. (Dkt. No. 23.) Plaintiff's motion to reconsider, to the extent it raises issues other than the termination claim in Count III, is DENIED.

Defendant's motion for judgment on the pleadings is DENIED AS MOOT.

The clerk is directed to provide a copy of this order to all counsel of record.

Entered: August 17, 2018.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge

6